IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JEFFREY LYONS,

    Defendant.

Case No. 2:25-cr-20004-HLT

# MEMORANDUM AND ORDER

Defendant is charged with three counts of sexual exploitation of a child and one count of possession of child pornography. He moves to suppress evidence recovered from a search of his mobile phone. Doc. 16. Defendant contends the search was unreasonable and violated his Fourth Amendment rights because the search warrant was not supported by probable cause.

The Court denies the motion. The warrant was valid because the state district court judge who issued it had a substantial basis for concluding probable cause to search the mobile phone existed. But, even if the judge lacked a substantial basis and the warrant was invalid, Defendant still would not be entitled to suppression because officers searching his mobile phone were entitled to rely in good faith on the warrant.

## I. BACKGROUND[1]

Detective Jonathan Nicholas is a detective with the Olathe Police Department and is assigned as a Task Force Officer to the FBI's Child Exploitation and Human Trafficking Task Force. He received a notification from the Internet Crimes Against Children DataSystem about a

---

[1] The Court held an evidentiary hearing in connection with this motion on August 15, 2025. The Court notes that the facts underlying Defendant's motion are largely undisputed. The Court further notes that its analysis of whether the state district court judge had a substantial basis from which to find that probable cause to search Defendant's phone existed is based on the facts presented to him in the investigating detective's (Detective Nicholas) affidavit.

report made to the National Center for Missing and Exploited Children. Doc. 21-3 at 1. The report had come from Defendant's brother. *Id.* at 2. Defendant's brother reported that Defendant had photographed his girlfriend's daughter nude several years prior. *Id.* at 1-2. Nicholas interviewed Defendant's brother about the report and learned that Defendant had also admitted to his brother that he had child pornography on his mobile phone. *Id.* at 2. Defendant's brother also told Nicholas that he had heard that Defendant had recently placed a hidden camera in his girlfriend's daughter's bathroom. *Id.* at 3. Nicholas discovered a prior report had been made to the Olathe Police Department concerning the nude photograph of Defendant's girlfriend's daughter. *Id.* at 4.

A warrant to search Defendant's home was issued and executed. *Id.* Defendant was not present during execution of the warrant, but Defendant's girlfriend and her daughter were present. *Id.* Nicholas interviewed Defendant's girlfriend, and she provided Nicholas with further information about the nude photograph and the discovery of the hidden camera. *Id.* at 5. The only physical evidence recovered during the search was a cell phone of unknown ownership that lacked a battery and a SIM card. *Id.*

Investigators then located Defendant at his mother's home and interviewed him. *Id.* at 6. Investigators seized the mobile phone Defendant had on his person. *Id.* Nicholas then sought a warrant to search that device. The affidavit he submitted with the warrant application synthesized information from his investigation that supported his belief that evidence of child pornography possession and/or production would be found on the seized phone.

In addition to the above, the affidavit stated:

- Defendant shared a home with his girlfriend and his girlfriend's minor daughter. *See id.* at 2-3.

- Between 2019 and early 2020, Defendant's girlfriend saw in Defendant's iCloud email account a photo of her daughter, then 10 years old, nude in the shower. *Id.* at 5. Defendant's phone had the photo of her daughter on it. *Id.* When confronted, Defendant didn't deny

taking the photo. *See id.* He told her that the image was a form of "revenge" and that she would be implicated and would face criminal liability too if the police became involved. *Id.* at 4-5. Defendant's girlfriend took the phone from him and hid it. *Id.* at 5.

- Defendant's girlfriend did not report the incident to police, but an individual whom she had told did report the incident to the Olathe Police Department in February 2020. *Id.* at 4. The investigation was closed because Defendant's girlfriend did not cooperate. *Id.* Defendant's girlfriend later texted the reporting individual that he should disregard the accusation she had made against Defendant and that she had fabricated it. *Id.*

- Defendant's girlfriend kicked Defendant out of their home. *Id.* at 2. Sometime in 2021, Defendant told his brother that he had taken the nude photograph his girlfriend found of her daughter and that he had other child pornography on his phone. *Id.* Defendant's other family members were also aware of Defendant's problems with child pornography and tried to get him help through counseling services. *Id.* at 3.

- Defendant's mother kicked Defendant out of her home in June 2022, allegedly due to his problems with child pornography. *Id.* at 2.

- Defendant then returned to the home he had shared with his girlfriend. *Id.*

- Defendant's girlfriend found a hidden camera in Defendant's girlfriend's daughter's bathroom in December 2022. *Id.* at 3, 5. After discovering it, Defendant's girlfriend had taken the camera and hidden it. *Id.* at 5.

- Defendant's brother hesitated to seek law enforcement intervention out of respect for the wishes of Defendant's family members that Defendant try to remedy the problems with treatment. *See id.* at 3.

- Officers searched the home. The search revealed a multi-monitor computer set up with a laptop docking station in Defendant's portion of the home. *Id.* at 5. No computer was located, and it appeared that Defendant had taken it with him. *Id.* It appeared to investigators that Defendant had also taken his mobile phone with him. *Id.* The only electronic device recovered during the search was a mobile phone whose owner was unknown that lacked a battery or a SIM card. *See id.*

- Investigators interviewed Defendant after locating him at his mother's house. *See id.* at 6. Defendant had his phone in his pants pocket, removed it to show it to investigators during the interview, and powered it off when he returned it to his pocket. *Id.* Powering a mobile phone down can potentially prevent forensic investigators from accessing its contents. *Id.* at 7. Defendant became increasingly agitated during his interaction with investigators and refused to give his phone to investigators. *Id.* at 6. He also attempted to disclaim ownership of the phone, claiming that it belonged to a brother of his. *Id.* Investigators seized the phone for fear that Defendant might damage it or destroy evidence located on it while they sought a warrant to search it. *Id.* at 6-7.

A Kansas state district court judge issued the warrant finding it supported by probable cause based on the facts in Nicholas's affidavit. Doc. 21-4. The subsequent forensic search of the phone revealed sexually exploitative videos and nearly 900 sexually suggestive photographs of Defendant's girlfriend's daughter as well as over 2,800 images and videos containing child pornography not involving her. *See* Doc. 20 at 3, 7. The grand jury subsequently returned an indictment based on this evidence. Doc. 1. Defendant seeks suppression under the Exclusionary Rule. Doc. 16.

## II.  ANALYSIS

The Court denies Defendant's motion. Defendant's mobile phone was searched pursuant to a warrant. The state district court judge who issued the warrant had a substantial basis to conclude a fair probability existed that evidence of possession and/or production of child pornography existed on the device. But, even if a substantial basis was lacking and the warrant was invalid, suppression under the Exclusionary Rule is not appropriate because investigators executing the warrant were entitled to rely on the warrant in good faith.

### A.  Substantial Basis for Probable Cause.

The Fourth Amendment has two parts. The first part protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. The second part requires that warrants be supported "by Oath[s] or affirmation[s]" establishing "probable cause." *Id.* The second part also requires that warrants describe with "particular[ity] the place to be searched, and the persons or things to be seized." *Id.* The first and second parts are conceptually related. A warrant is presumptively necessary to a search's reasonableness. *United States v. Polly*, 630 F.3d 991, 996 (10th Cir. 2011). There are many ways to overcome this presumption. *See California v. Acevedo*, 500 U.S. 565, 582 (1991) (Scalia, J., concurring) (lamenting that the "the 'warrant requirement' had become so

riddled with exceptions that it was basically unrecognizable"). But the baseline presumption is that without a warrant a search is unreasonable and therefore invalid under the Fourth Amendment. *Polly*, 630 F.3d at 996.

In this case, a warrant authorized the search of Defendant's phone. Therefore, whether a warrant needed to have issued in the first place is not at issue. The question the Court faces is whether the warrant was valid. Defendant argues that probable cause to search was lacking and therefore the warrant was invalid. Defendant contends the facts in the warrant's supporting affidavit did not connect his mobile phone to credible allegations that he possessed and had produced child pornography. Defendant argues:

- His brother's claims connecting Defendant's possession and production of child pornography to his mobile phone didn't support probable cause because they were based on information that was stale. The years between the warrant affidavit and his use of a mobile phone to photograph his girlfriend's 10-year-old daughter naked and admissions to his brother that his phone had child pornography on it undermined the likelihood that the mobile phone presently in his possession contained evidence of these things.

- There was an insufficient nexus between the Defendant's phone and the accusations of possession and/or production of child pornography. The phone used to photograph Defendant's girlfriend's daughter was taken by Defendant's girlfriend and hidden. And the sole electronic device discovered during the search of his home was likely this device. Defendant's admission to having child pornography on his phone was made to his brother years before the search, which makes it less likely that it implicated the mobile phone taken from him. In fact, the only thing suggesting possession and/or production of child pornography continued to be an ongoing problem for him was the hidden camera Defendant's girlfriend allegedly discovered in her daughter's bathroom ten months earlier. But no such camera was ever recovered, and the warrant affidavit does not discuss the camera's capabilities or whether its existence might have increased the likelihood of the existence of child pornography on his mobile phone.

The Court is unpersuaded by these arguments. When determining whether probable cause exists to issue a warrant, the issuing judge's "task . . . is simply to make a practical, common-sense

decision whether, given all the circumstances set forth in the affidavit before him . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). And this Court's role in reviewing the issuing judge's conclusion that probable cause existed "is simply to ensure" that there was "a substantial basis" for it. *Id.* at 238-39 (internal quotation marks omitted). In other words, the state district court judge's probable cause determination will pass muster as long as "the supporting affidavit provided him with a substantial basis to conclude that there is a fair probability that evidence" of a crime "will be found in a particular place." *United States v. Alqahtani*, 73 F.4th 835, 842 (10th Cir. 2023) (alterations omitted). This is a deferential standard. *Id.*

The Court has little trouble concluding that the state district court judge's probable cause determination had a substantial basis based on the totality of the information in front of him. The affidavit submitted in support of the warrant application is detailed and thorough and spells out in clear narrative detail the basis for Nicholas's interest in searching the mobile phone seized from Defendant:

- The affidavit states that the Olathe Police Department received a tip from the National Center for Missing and Exploited Children that Defendant had taken a nude photograph of a ten-year-old child. The tip indicated that the photograph had been taken several years prior but more recent incidents had occurred. One of Defendant's brothers was the source of the tip and explained that the photograph was of Defendant's girlfriend's daughter.

- The affidavit states that Defendant's brother also told Nicholas that Defendant had – as recently as ten months prior – placed a hidden camera in his girlfriend's daughter's bathroom.

- The affidavit details information about the prior police investigation and explains that an individual whom Defendant's girlfriend had confided in had initiated the investigation after being told about the nude photograph Defendant had taken.

- The affidavit indicates that investigators knew that Defendant had transferred the nude image through an email account.

- The affidavit notes that there were indications during the search of Defendant's home that not all of Defendant's electronic devices were at the house. For instance, officers observed a multi-monitor computer set up with a laptop docking station in his area of the home but did not find the laptop. Nor were they able to locate Defendant's phone (although they did locate a mobile phone of uncertain ownership that was not in a functioning state).

- The affidavit details interactions with Defendant at his mother's home after Defendant's home was searched. Defendant became agitated and attempted to disclaim ownership of his mobile phone by saying it belonged to one of his brothers. Defendant switched the phone off while it was in his pocket, which Nicholas believed may have been an attempt to frustrate a subsequent search. Defendant relinquished control of the phone only after being forced to do so.

The affidavit presented all these facts to the state district court judge who issued the warrant. Taken together these facts gave the judge a substantial basis from which to conclude that a fair probability existed that evidence of criminal conduct (i.e., Defendant's possession and/or production of child pornography) would be discovered during a search of the mobile phone.

Defendant's arguments about the staleness of facts used to establish probable cause for his phone's search and the credibility of some of the accusations that had been made against him don't change the complexion of things. Much of the information underlying the warrant affidavit came from witnesses – in particular, Defendant's brother and Defendant's girlfriend. There are three "non-exclusive considerations" that the Court uses "to help guide a probable cause inquiry" when "the affiant relies on an informant or other witness's information": (1) the witness's reliability, (2) the timeliness of the witness's allegations, and (3) the nexus between the evidence sought and the object of the search. *United States v. Knox*, 883 F.3d 1262, 1275 (10th Cir. 2018). And these factors support the conclusion that probable cause existed.

First, both witnesses who supplied much of the information contained in the affidavit were reliable. Much of what they communicated to Nicholas was based on first-hand knowledge or statements made to them by Defendant. And, while some of the Defendant's brother's statements

to police about the hidden camera were hearsay, the camera's existence was corroborated by Defendant's girlfriend. Defendant's girlfriend was also able to corroborate statements Defendant's brother made about Defendant's use of a mobile phone to photograph her daughter several years earlier and, more recently, his use of a hidden camera in her bathroom. The information these witnesses supplied was sufficiently reliable to support the probable cause determination.

Second, the allegations were sufficiently timely. Certainly, "[r]egardless of the source of information, probable cause cannot be based on stale information that no longer suggests that the [evidence] sought will be found in the place to be searched." *Id.* at 1276-77. And, in this case, some of the allegations concerned conduct that was years old at the time. But context also matters, and "[w]hether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property [sought]." *United States v. Burkhart*, 602 F.3d 1202, 1206 (10th Cir. 2010) (internal quotation marks and citations omitted). It's "not simply [a matter of] the number of days that have elapsed between the facts relied upon and the issuance of the warrant." *United States v. Basham*, 268 F.3d 1199, 1206 (10th Cir. 2001). But some of the allegations – those involving the hidden camera – concerned more recent conduct suggesting the "illegal activity in question [was] continuous and ongoing," which therefore militates against regarding the allegations as stale. *Id.* In addition, "[i]n child pornography cases," like this one, "the nature of the criminal activity and the nature of the property to be seized are especially relevant factors." *Burkhart*, 602 F.3d at 1206. The Tenth Circuit has "repeatedly endorsed the view that possessors of child pornography are likely to hoard their materials and maintain them for significant periods of time." *Id.* (internal quotation marks and citations omitted). And the electronic nature of the evidence sought in this case "mitigate[s] against staleness," since

digital files can "have an infinite lifespan" and are "not subject to spoilage or consumption [from use]." *Id.* (internal quotation marks omitted).

Finally, there was a nexus between the evidence sought based on the witnesses' allegations and the phone taken from Defendant. The "nexus requirement" is the requirement that a connection exists between "suspected criminal activity and the place to be searched." *United States v. Biglow*, 562 F.3d 1272, 1278 (10th Cir. 2009). The requirement is satisfied if "an affidavit describes circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." *Id.* at 1279 (internal quotation marks omitted). "[T]he nexus . . . may be established through normal inferences about the location of evidence." *Id.* at 1280 (internal quotation marks and citation omitted). Certainty isn't necessary. Rather, establishing a sufficient nexus is "a matter of probabilities and common sense conclusions[.]" *Id.* (internal quotation marks and citation omitted). In this case, Defendant had allegedly confided in his brother during a conversation years earlier that he had child pornography images on his mobile phone. Defendant had used his mobile phone several years earlier to surreptitiously photograph his girlfriend's 10-year-old daughter nude. Defendant had emailed this material to himself. There were also more recent allegations that Defendant had made another attempt at filming his girlfriend's daughter – this time with a hidden camera. Much of the information about Defendant's conduct implicates Defendant's use of a mobile phone and electronic files and the transfer of electronic files.  It was reasonable and consistent with common sense for a person of reasonable caution to infer based on this information that evidence of Defendant's possession and/or production of child pornography would be located on the mobile phone taken from him. This is true regardless of whether this phone was (or was believed to have been) the one used to photograph his girlfriend's daughter.

The Court concludes that the affidavit gave the state district court judge a substantial basis from which to conclude that probable cause to search Defendant's phone existed. The Court defers to the state district court judge's conclusion. The warrant was therefore valid. The search of Defendant's phone was not unreasonable.

### B. Good Faith.

Even if no substantial basis existed, suppression still is not appropriate. Officers executing the warrant were entitled to rely on it in good faith. Generally, evidence obtained in "good-faith reliance on [a] warrant is not subject to suppression," even if the warrant was not supported by probable cause. *Knox*, 883 F.3d at 1270 (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). A defendant does not have a constitutional right to exclusion whenever the government violates his constitutional rights during an investigation. *See id.* at 1273. "The constitutional violation occurs when an unreasonable search occurs, not when evidence [obtained] in the course of that search is later introduced in a subsequent criminal proceeding." *Id.* (citing *Penn. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 362 (1998)). Exclusion is a remedy intended to deter government misconduct. *Id.* Consequently, when government investigators seek a warrant, a warrant is issued, and the government relies on it in good faith, there's generally no misconduct to deter. And, while there are circumstances where the good-faith exception to suppression doesn't apply, Defendant doesn't argue any are present here. And the Court does not see how any of them could be. Even if the warrant's probable cause determination was improper, executing officers were still entitled to rely on it in good faith. Defendant would therefore not be entitled to suppression.

### III. CONCLUSION

The Court denies Defendant's motion to suppress.

THE COURT THEREFORE ORDERS that Defendant's motion to suppress (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated: August 29, 2025

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE