**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATE OF AMERICA,

        Plaintiff

    VS                         Case Number: 25-cr-20004-HLT

JEFFREY LYONS,

**DEFENDANT'S SENTENCING MEMORANDUM**

        COMES NOW defendant above named, by and through his attorney, Carl E. Cornwell, hereby submits this sentencing memorandum for the Court's consideration when arriving at a fair and just sentence.

        IN SUPPORT, defendant states as follows:

Dear Judge,

I respectfully request mercy upon my son.

My name is Jeffrey Ray Lyons; I am the father of Jeffrey Todd Lyons. He is my first of three sons and the one I held first, minutes after he was born. To this day I have an unconditional bond with him, at the same time an absolute pit in my stomach over this entire situation.  I cannot express my deepest disappointment in what he allowed himself to get involved with.

So unlike him. Very successful job with career growth in front of him. Loved going to WV to visit his 80-year grandparents. The person I would call if I needed help with anything. January 22nd, 2025, is the day I took him to the courthouse, since then I visit on Mondays as often as I can and have had multiple conversations with him about all of this. To this day, Jeffrey sincerely regrets his actions and the hurt it caused. While

1

laying in his cell each night he told me his actions were so far outside of who he really

is. Easy kid growing up, good grades, great wrestler, dependable big brother,

dependable son, dependable employee, etc.... The last 17 months he feels nothing but

regret and searches in his mind for how this ever happened.

Jeffrey is so much more than these actions and has a lot more to contribute in positive

ways to society.

Lastly, having mercy on Jeffrey would be appreciated more than I could ever express.

His remorse and regret are prevalent each time I am with him.

Thank you for your consideration.

Dear Honorable Judge,

I am writing to you today to share my perspective on my son's character and to

respectfully ask for your leniency.

Jeffrey has always been our beloved son and devoted brother. He has always been

very kind to others.  He was such a wonderful child and a model son.  He's a loving big

brother and step-brother.  I can't tell you what a shock this has been to the entire

family.  It's been very difficult to wrap our hears around his actions.  I know that he must

face consequences for what he has done.

I've researched that there are places in the BOP that are designed to help offenders

rehabilitate back into society.  I am begging the court to consider sending him to a place

such as this. He is a good person despite what he has done. I promise you he is worth

saving. He has so much to offer if given the chance. I know programs can help him and

he would have full support from his family.  Jeffrey has expressed his willingness to

participate in any program the BOP has to offer that will make him fit for society again.

2

I cry as I type this letter to you. It is very difficult to write this letter and very difficult to deal with what is happening.

Thank you for your consideration.

Sincerely,

Antoinette Nicolace

1. Since the Supreme Court's decision in *US v. Booker, 543 US 220 (2005)* sentencing courts are no longer bound by the United States Sentencing Guidelines.  That latitude and discretion was recently affirmed by the court in *Gall v US 128 S. Ct. 586 (2007).*  It now makes clear that courts instead must focus upon the elements, that is, the wording in *18 U.S.C. § 3553*, although they may still give consideration to the guidelines for advisory purposes.

2. In this case, the Court is duty bound by statute to sentence the defendant to at least 15 years with a maximum of 30 years.  The preliminary presentence report indicated that the defendant's guidelines were 210 – 262 months.  It was revised as the parties were informed that pursuant to *U.S.C. § 4b1.5(b)(1),* added 5 levels because of  "defendant engaged in a pattern of activity involving prohibitive sexual conduct."  In essence, that means that because there was more than one video taken, he falls under that enhancement.

3. The parties agreed that the prosecution would ask for a sentence no higher than the high end of the guideline range, which is 360 months, or 30 years,

and the defendant is allowed to argue for a sentence that does not go below the mandatory minimum of 15 years.

4. The defendant's criminal history is I.  He is going to be 33 on June 12, 2026. The court can tell from his work history that he has always worked, that he has been self-supporting.

5. The primary directive in *18 U.S.C. 3553 (a)* is for a sentencing court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  Those purposes are:

   A. *To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.*  There is no question that what the defendant took responsibility for and has never denied is a serious offense.  Sentencing the defendant to 15 years would promote respect for the law and provide just punishment.  Restitution as set out in the presentence investigation, in which my client will have to pay, promotes respect for the law and provides just punishment for what he did.

   B. *To afford adequate deterrence to criminal conduct.*  I've always wondered, as an attorney, to afford adequate deterrence to criminal conduct refers to the defendant's conduct, although that seems to be taken care of by the next section of *3553 (a),* C.  Maybe to afford adequate deterrence to criminal conduct means that if the defendant gets 30 years or some sentence between 15 and 30, that people who do the same kinds of things that he has and accepted responsibility for will not do it.  That argument

4

doesn't make any sense.  Long sentences have not deterred criminal conduct in anyone that the undersigned is aware of.

C. *To protect the public from further crimes of the defendant*.  15 years is going to protect the public.  Supervised release longer than 5 years would protect the public.

D. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*. The defendant's brother, who finally reported him to the authorities, told the defendant that he needed to get help.  In numerous conversations that the undersigned and defendant have had, he regrets not doing this, but said "if I would have gone in and having to tell the truth when you talk with a counselor, they would have reported me."  He was very fearful of doing that.  Not an excuse but just as mitigation.

6. As pointed out already and set out in his presentence investigation on page 17, paragraphs 78, 79 & 80, the defendant has always worked and has been employed almost continually in his adult life.  He was working with Apria Healthcare since 2014, approximately.

7. *18 U.S.C. § 3553 (a)(d),* is going to help the defendant.  He is going to get the medical care that he needs.  There are institutions within the Bureau of Prisons that specialize in these kinds of cases.  Counsel for defendant is sending, by separate email, a psychological study done by Seth Wescott on March 5, 2025.  The prosecutor, Assistant US Attorney, Audrey McCormick has also received a copy.  If he is to be helped, and the undersigned is

5

always hopeful that time spent in custody will be helpful for both society and the defendant, this time in custody being treated is the avenue that has to work.  The undersigned has always wondered in these kinds of cases why somebody would do what they have admitted that they've done.  Why take pictures of a 12-year-old girl?  Maybe he has psychologically stunted at some point in his development and didn't develop in a manner that God has blessed those of us that haven't been charged with these crimes.

8. Counsel is asking this Court to fashion this sentence based upon who Mr. Lyons is.  He will talk directly to the Court when the Court allows him to at sentencing.  Please take into account all of the things the undersigned has set out, and what his parents have written.  Have mercy on him, Judge.  Give him 15 years.

Respectfully submitted,

*/s/ Carl E. Cornwell*
CARL E. CORNWELL #9049
142 North Cherry Street
Olathe, Kansas 66061
913-254-7600 PHONE
carl@carlcornwell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Carl E. Cornwell*
Carl E. Cornwell #9049

6